# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MILTON VERAN WILLIAMS,            )
                                  )
       Plaintiff,       )
                                  )
v.                                )    No. CIV 10-093-FHS-SPS
                                  )
NIAMYRA RIDDELL, et al.,          )
                                  )
       Defendants.      )

## OPINION AND ORDER

This action is before the court on Defendants Riddell and Glover's motion to dismiss or for summary judgment and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint, the defendants' motion, plaintiff's response, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of the DOC who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The remaining defendants are OSP Case Manager Niamyra Riddell, and OSP Lt. Beatrice Glover, who was named in the complaint as Lt. Jane Doe.[1] Defendants Dr. Steward and Ruth Martin were dismissed from this action on March 7, 2012 [Docket No. 50].

Plaintiff alleges that on or about March 25, 2008, he was assaulted by his cellmate, "an unruly inmate with a long history of mental and bad behavior history" [Docket No.1 at

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

3]. He further asserts Defendants Riddell and Martin conspired to house the violent cellmate with him in retaliation for plaintiff's expressing his right to free speech through a DOC grievance. He claims he sustained a broken nose in the altercation, but Defendant Martin denied him medical treatment for the injury. After a 24-hour delay, plaintiff was taken to the OSP medical department, but he received no treatment.

Defendant Beatrice Glover alleges plaintiff has failed to show she personally participated in any constitutional violation. While the complaint lists Glover as a defendant, plaintiff has failed to make any allegations of her personal participation in the alleged constitutional violations. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id. See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). After a careful review of the record, the court finds plaintiff has failed to demonstrate Defendant Glover's personal participation in the alleged incidents, so she is dismissed from this action.

According to the special report, there is no evidence plaintiff was the victim of an assault by another inmate or that he sustained injuries on or about March 25, 2008. Although plaintiff received numerous treatments and an x-ray for his lower back pain in 2008, the OSP medical files show no record of injuries to plaintiff on or around March 25, 2008, or that he sustained a broken nose on or around that date. Defendant Riddle states by affidavit that her Case Manager Notes for March 31, 2008, indicate she spoke to plaintiff when she made her rounds on that date, and he reported no issues or complaints. OSP Chief of Security William Jones states by affidavit that there is no record of an altercation between plaintiff and his cellmate or any other inmate on or about March 25, 2008.

The OSP records do show that on June 19, 2008, plaintiff attacked another inmate and sustained injuries to his face. He was advised he needed sutures to his left cheek to avoid

2

scarring and infection, but he waived medical treatment. He was convicted of Battery on July 17, 2008.

Defendant Riddle alleges plaintiff has failed to state a claim that his constitutional rights were violated. To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted). *See also Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001), *cert. denied*, 535 U.S. 971 (2002).

Here, plaintiff has pled no facts alleging Defendant Riddle denied him medical care, and he has presented only conclusory allegations that Riddle was aware of the cellmate's history of violence. Furthermore, apart from plaintiff's conclusory allegations, plaintiff has set forth no evidence of retaliation or a conspiracy to harm him.

A plaintiff alleging retaliation for his exercise of constitutional rights "must prove that 'but for' the retaliatory motive, the incidents to which he refers . . . would not have taken place." *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990) (quoting *McDonald v. Hall*, 641 F.2d 16, 18 (1st Cir. 1979)). "[I]t is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990). Here, the

3

court finds plaintiff has failed set forth how his use of the grievance procedure caused Riddle to retaliate, and has presented nothing but conclusory allegations of retaliation by Defendant Riddle.

As for plaintiff's claim that Riddle conspired with Defendant Ruth Martin to place the allegedly violent inmate in plaintiff's cell, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants," and "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (quotation omitted). Further, "a deprivation of a constitutional right is essential to proceed under a § 1983 conspiracy claim." *Snell v. Tunnell*, 920 F.2d 673, 701-02 (10th Cir. 1990). Thus, to prevail on such a claim, "a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights." *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990). The court finds plaintiff has failed to meet this burden.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d

1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

DATED this 8th day of March, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma